UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                            ORDER

DANIEL PICHARDO,                              No. 19-CR-271-2 (CS)

                Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Daniel Pichardo's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 138.)

      On September 2, 2021, Defendant was sentenced principally to 120 months' imprisonment. (ECF No. 131.) That sentence was well below the advisory Sentencing Guidelines range of 210-262 months. He has served almost 34 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But

"[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that his medical conditions – high blood pressure, high cholesterol and pre-diabetes – put him at increased risk for a severe case should he be infected with COVID-19; that his daughter's caregivers are incapacitated; and that he has rehabilitated himself through programs while incarcerated. He contends that these factors amount to an extraordinary and compelling reasons justifying a sentence reduction.

Neither high cholesterol nor pre-diabetes appears on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19, and high blood pressure is listed as only "possibly" a risk factor. Fortunately Defendant has been vaccinated and there is currently only one inmate case of COVID-19 at his facility, according to the Bureau of Prisons website. Accordingly, I do not believe extraordinary and compelling circumstances exist based on COVID-19 risk.

Defendant's daughter's mother is not available to care for her because she, as Defendant's co-defendant, is herself serving a sentence. I am sure Defendant wishes he had given greater thought to his daughter when he and her mother were dealing large quantities of drugs out of their home. The girl's grandparents are caring for her, and while Defendant states that her grandfather has cancer, there appears to be no barrier to the grandmother caring for her. Likewise, while Defendant reports that his mother in Brooklyn is unwell, he has a sister in nearby Bayonne. Being unavailable to assist family members is one of "the sad and inevitable

2

consequences of incarceration." *United States v. John*, No. 15-CR-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his [family] . . . that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence." *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

Finally, Defendant provides no details regarding whether he has a disciplinary history in prison, but assuming he does not, that he has participated in programs is not exceptional or even unusual. Even if it were, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider rehabilitation in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling  is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that the combination of circumstances here rises to that level. Maintaining good conduct in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Accordingly, I conclude that the reasons advanced by Defendant do not, individually or collectively, amount to extraordinary and compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors. They militate against reduction of Defendant's sentence less a third of the way into an already-well-below-Guidelines sentence. Defendant was responsible for putting large quantities of deadly drugs — more than 3 kilograms of heroin and more than a half-kilogram of fentanyl – into circulation. After being arrested, he continued large-scale drug dealing while on bail. He had six priors, three for assault and three for controlled substances. He was a high-ranking member of a violent gang. Releasing such an individual after only 34 months would undermine several of the purposes of sentencing. It would not sufficiently address the seriousness of the offense or the harm done to the community. It would not be just punishment, would introduce unwarranted sentencing disparities, and would dilute the deterrent effect of the sentence. It would not account for the need to protect the public. In short, if there were extraordinary and compelling circumstances, the § 3553(a) factors would strongly outweigh them.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 138 and send a copy of this Order to Daniel Pichardo, No. 86739-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

Dated: July 25, 2022
White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.